UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| SHAWN WHEELER,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>CITY OF SPIRIT LAKE,<br><br>　　　　　　Respondent. | Case No. 2:25-cv-00511-AKB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Shawn Wheeler, an inmate currently confined in the Kootenai County Jail, has filed a Petition for Writ of Habeas Corpus. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

### 1.　Standard of Law for Review of Petition

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

2.      **Discussion**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted). That is, a habeas petition is the appropriate means for a petitioner to seek an "immediate release or a speedier release from … imprisonment." *Id*. at 500. A claim that does not challenge the validity of a criminal conviction or sentence "does not lie at the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc). Accordingly, such a claim is not cognizable—meaning it cannot be heard—in habeas corpus. *Id*.

Petitioner does not actually challenge the validity of his conviction or sentence. Instead, Petitioner claims that (1) officials with the City of Spirit Lake are pressuring him to sell his property at below-market value and (2) the officers who arrested him used excessive force. Because the remedy for such alleged violations would be an award of monetary damages or an order requiring the cessation of unconstitutional activities—not an immediate or speedier release from imprisonment—Petitioner's claims are not cognizable in this federal habeas corpus action.

INITIAL REVIEW ORDER - 2

**ORDER**

**IT IS ORDERED:**

1.      The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED without prejudice.

2.      The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: June 25, 2026

Amanda K. Brailsford
U.S. District Court Judge

INITIAL REVIEW ORDER - 3